UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LSREF2 BARON, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:12-cv-1242-M |
| RICHARD AGUILAR, DAVID MASEL, | § | |
| and FW VALENCIA PALMS | § | |
| APARTMENTS, LP, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

In this action, originally filed in state court in Dallas County on December 9, 2011, Plaintiff LSREF2 Baron, LLC ("Plaintiff" or "Baron") seeks to recover the deficiency remaining under a loan following the foreclosure of Plaintiff's security interest in real property, which secured the loan.  FW Valencia Palms Apartments, LP ("FW Valencia") is the borrower, and Richard Aguilar ("Aguilar"), and David Masel ("Masel") are the guarantors.  Claiming that they were released from payment obligations, Defendants have asserted counterclaims for fraud and breach of contract, among other things.  On April 18, 2012, FW Valencia filed a petition, under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Western District of Texas, El Paso Division, Case No. 12-30748-HCM.   On April 23, 2012, FW Valencia filed a Notice of Removal, without the joinder or consent of the other Defendants, removing this case from the 68th Judicial District Court of Dallas County, Texas to this Court.[1]

In its Notice of Removal, FW Valencia asserts that the instant action is related to its

---

[1] While the lawsuit was in state court, FW Valencia sought an injunction to prevent foreclosure of the property. Following an evidentiary hearing, the state court denied the requested injunction. *See* Def.'s Notice of Removal.

bankruptcy case, and is therefore removable under 28 U.S.C. § 1452.  Def.'s Notice of Removal at 2.  Under § 1452, the bankruptcy removal statute, any state court claim falling within federal bankruptcy jurisdiction may be removed to the district court in the district where the state court claim or cause of action is pending.  28 U.S.C. § 1452.  The removed claim is then often referred by the district court to the bankruptcy court.  *Id.*  Importantly, the right to remove under § 1452 is limited to claims as to which the district court would have jurisdiction under 28 U.S.C. § 1334— that is, cases "arising under or related to" bankruptcy cases.[2]

On June 20, 2012, FW Valencia initiated an adversary proceeding against Plaintiff in the Bankruptcy Court of the Western District of Texas against Plaintiff, alleging that the foreclosure constituted a fraudulent transfer and preference claim under the Bankruptcy Code.  The factual allegations in the adversary proceeding are related to FW Valencia's breach of contract and fraud counterclaims in this action.  Because FW Valencia's bankruptcy case is pending in the Western District of Texas, the Court *sua sponte* considers a transfer of venue to the Western District of Texas.

## I.    SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction.  Section 1334 of Title 28 outlines four types of bankruptcy matters over which district courts may exercise jurisdiction:  (1) cases under title 11;[3]   (2) proceedings arising under title 11; (3) proceedings "arising in" a case under title

---

[2] FW Valencia's Notice of Removal is not procedurally defective although the remaining Defendants did not join or consent.  Under 28 U.S.C. §1452, any defendant has the right to remove a state court action without the consent of the other parties.  *Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir. 1985); *In re Eagle Bend Development,* 61 B.R. 451, 457 (Bankr. W.D. La. 1986).

[3] The Court of Appeals for the Eighth Circuit has explained that "[c]ivil proceedings in a bankruptcy case are divided into two categories, core proceedings and non-core, related proceedings. Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Specialty Mills, Inc. v. Citizens State Bank,* 51 F.3d 770, 773–74 (8th Cir. 1995) (citations omitted).  Core proceedings are not defined by 28 U.S.C. § 157, but the statute contains an illustration in 28 U.S.C. § 157(b)(1).  Core proceedings include, but are not limited

11; and (4) proceedings "related to" a case under title 11. "The first category refers to the bankruptcy petition itself" and the "second, third, and fourth categories operate conjunctively to define the scope of jurisdiction. Therefore it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999) (internal citations omitted). As the Fifth Circuit has noted, "related to" is a term of art. *Id.*

In *Canion,* a judgment creditor of the debtor brought action against several family members, employees, friends, and associates of the debtor, asserting claims of fraud and tortious interference. The Fifth Circuit found that the claims fell within "related to" bankruptcy jurisdiction because the outcome of the proceedings could conceivably increase the size of the debtor's estate, as the total amount due on claims against the bankruptcy estate would be decreased if the creditor prevailed. *Id.* at 587. Other courts have reached similar conclusions. *See, e.g.*, *Owens Illinois, Inc. v. Rapid American Corp (In re Celotex Corp.)*, 124 F.3d 619, 626 (4th Cir. 1997) (finding "related to" jurisdiction when a creditor's claim against a non-debtor would reduce its claim in bankruptcy); *Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306–07 (9th Cir. 1989) (upholding "related to" jurisdiction over third-party action as specific performance remedy in third-party action would reduce damages in breach of contract claim against bankruptcy estate); *National Union Fire Ins. Co. v. Titan Energy, Inc.*, 837 F.2d 325, 329 (8th Cir. 1988) (holding that a coverage dispute between the debtor's insurance company and a creditor was "related to" the bankruptcy as a finding of coverage would reduce the claims against the estate).

The Court finds that the claims asserted in this case are "related to" FW Valencia's bankruptcy case because they have a conceivable potential effect on FW Valencia's bankruptcy

---

to, matters concerning the administration of the estate, proceedings to determine, avoid, or recover preferences, and confirmation of plans. 28 U.S.C. § 157(b)(1).

estate.  *See In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007) (stating that a proceeding is "related to" a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy);  *In re Canion*, 196 F.3d at 585 (finding that certainty, or even likelihood of such an effect is not a requirement).   Here, FW Valencia's counterclaims assert breach of contract and fraud against Plaintiff arising from events related to the foreclosure of the property.   Def.'s Notice of Removal, Exhibit 16. FW Valencia contends that the parties entered into a Release Agreement, by which Plaintiff agreed to accept $4,100,000.00 in full satisfaction of the Note, after FW Valencia paid $205,000.00 to refinance. *See id.*  After FW Valencia was unable to refinance the Note in the allotted time, FW Valencia contends that the parties reached a second agreement, in which Plaintiff agreed (1) to release the guarantors from personal recourse obligations and (2) to not pursue foreclosure.   FW Valencia asserts that Plaintiff breached those agreements when it foreclosed.

FW Valencia's claims against Plaintiff in the adversary proceeding raise similar factual allegations.  In that action, FW Valencia seeks to set aside the foreclosure as a fraudulent transfer and/or preference under § 547 of the Bankruptcy Code.  FW Valencia's counterclaims here may affect the scope and administration of its bankruptcy estate, especially if its counterclaims prevail.  Moreover, the outcome of FW Valencia's claims in this case may affect FW Valencia's ability to recover on its preference and fraudulent transfer claims in the adversary proceeding.  Thus, the instant claims are "related to" FW Valencia's bankruptcy estate such that federal jurisdiction is properly invoked under 28 U.S.C. § 1334(b).[4] *See In re Canion*, 196 F.3d 579; *In re Titan Energy,* 837 F.2d 325, 330 (8th Cir. 1988) ("[E]ven a proceeding which portends a mere

---

[4] In its response to Defendants' Motion to Transfer Venue, Plaintiff did not argue that this controversy is not sufficiently related to FW Valencia's bankruptcy to have been removed.  However, subject matter jurisdiction of a federal court can be challenged at any state of the litigation, and parties cannot confer subject matter jurisdiction on federal courts by consent.  *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).

contingent to tangential effect on a debtor's estate meets the broad jurisdictional test [for 'related to' jurisdiction].").

## II. TRANSFER OF VENUE[5]

A transfer of venue for the convenience of the parties and in the interests of justice may be made upon motion by either of the parties or by the court *sua sponte*.[6] *In re Henderson*, 197 B.R. 147, 156 (Bankr. N.D. Al. 1996) (stating that a district court may *sua sponte* transfer a case under 28 U.S.C. §§ 1404(a) and 1412). Defendants initially moved to transfer venue, then they dismissed that motion. In their briefing relating to the Motion to Transfer, the parties disagree as to whether 28 U.S.C. § 1404(a) or 28 U.S.C. § 1412 is the proper authority to support the transfer of a case "related to" a bankruptcy filing. The general transfer provision, 28 U.S.C. § 1404(a), provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Similarly, 28 U.S.C. § 1412, a transfer provision specific to bankruptcy cases, provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." "The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *Zhang v. Rothrock*, No. Civ.A. H-05-3461, 2006 WL 213951, at *1 (S.D. Tex. Jan. 25, 2006) (transferring a case "related to" a Chapter 13 bankruptcy pursuant to § 1412) (quoting

---

[5] FW Valencia filed a Motion to Transfer Venue to the Western District of Texas, El Paso Division on May 10, 2012 [Docket Entry #6]. Before the Court ruled on that Motion, FW Valencia withdrew it. Although there is no transfer pending before the Court, the Court has reviewed the briefing submitted by the parties on the Motion to Transfer to ascertain additional facts about the witnesses potentially involved in this case and the parties' general positions regarding a transfer.

[6] The briefing submitted on Defendants' Motion to Transfer demonstrates that the parties have already researched the issues implicated by a transfer of venue to the Western District. Thus, the Court finds that the parties do not need an additional opportunity to be heard on this *sua sponte* Motion to Transfer Venue.

*In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2nd Cir. 1990)).

Courts have recognized two differences between the two statutes: "1) 28 U.S.C. § 1412 is disjunctive ('in the interest of justice or for the convenience of the parties') and 28 U.S.C. § 1404(a) is conjunctive ('[f]or the convenience of parties and witnesses, in the interest of justice'); and 2) 28 U.S.C. § 1404(a) includes an additional requirement that the transferee court be one in which the action could have been brought originally. Thus, 28 U.S.C. § 1404(a) sets the bar to achieve a transfer a bit higher than 28 U.S.C. § 1412." *Encana Oil & Gas (USA) Inc. v. TSC Sieber Services, L.C.*, No. 3:09-CV-1791-M, 2010 WL 3385018, at *1 (N.D. Tex. Aug. 20, 2010) (internal citations omitted) (Lynn, J.). There is a split in authority on whether a transfer of a non-core, related case should be analyzed under § 1404(a) or § 1412. The Fifth Circuit has not yet determined whether the language in § 1412, "under title 11," renders the statute applicable only to core bankruptcy proceedings or whether it is also applicable to non-core related proceedings. *See Washington State Bank v. Turnage*, No. 6:11-0004, 2011 WL 1561440 (W.D. La. Apr. 25, 2011) (noting that the Court is unaware of any Fifth Circuit jurisprudence holding that § 1412 applies to a transfer of cases "related to" bankruptcy); *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, No. 06-0826, 2006 WL 2349461, at *4 (E.D. La. Aug. 11, 2006) (noting that the Fifth Circuit has not ruled on whether § 1412's language, "under title 11," applies to non-core related proceedings).

In *Marquette,* the district court found persuasive the argument that Congress intended for 28 U.S.C. § 1412 to authorize a district court to transfer cases merely "related to" bankruptcy. *Marquette Transp. Co. v. Trinity Marine Products, Inc.*, No. 06-0826, 2006 WL 2349461, at *4 (E.D. La. Aug. 11, 2006) (Africk, J.). In so finding, the Court noted that Congress did not intend to otherwise "hamper the well settled principle that the court in which the bankruptcy case is

pending is the proper venue for adjudicating all related litigation." *Id.* (quoting *Baker v. Muscletech Research and Dev., Inc.*, No. 06-C-492, 2006 WL 1663748, at *1 (E.D. Wis. June 9, 2006)). The district court determined that the transfer of a case "related to" bankruptcy could be predicated on the interests of justice alone. *Id.* at *3–4. After concluding that a transfer under 28 U.S.C. § 1412 was appropriate, the district court also conducted an analysis under 28 U.S.C. § 1404(a) and found that a transfer under § 1404(a) was also warranted. *Id.*

Other district courts have reached the same conclusion about § 1412's applicability to the "related to" matter. *See, e.g.*, *Dunlap v. Friedman's, Inc.,* 331 B.R. 674, 679–80 (S.D.W. Va. 2005) (providing a textual analysis of the word "proceeding" in § 1412, stating "because section 1409(a) uses the term 'proceeding' to include an action 'related to a case under title 11 [,]' it lends strong credence to the notion that the word 'proceeding[,]' as used in section 1412, should be accorded the same breadth"); *see* Collier on Bankruptcy, ¶ 4.04(1) (2006) ("Section 1412 of title 28 applies to changes of venue both of (a) cases under title 11 and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11a."); *Zhang v. Rothrock*, No. H-05-3461, 2006 WL 213951 (S.D. Tex. Jan. 25, 2006) (transferring a civil case "related to" a bankruptcy under 28 U.S.C. § 1412); *Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC*, 410 B.R. 623, 628 (D. Minn. 2009) ("a motion to transfer an action related to a bankruptcy proceeding in another forum is appropriately analyzed under § 1412")); *Quick v. Viziqor Solutions, Inc.,* No. 4:06-cv-637-SNL, 2007 WL 494924, at *3 (E.D. Miss. Feb. 12, 2007) (unpublished) ("Having reviewed the relevant caselaw, this Court finds that § 1412 governs the issue of venue transfer in this 'related to' action . . ."). After a careful review of the statutes, and applicable law, the Court agrees with the district court's analysis in *Marquette* and likewise finds that 28 U.S.C. § 1412 grants a district court the discretion to transfer a civil case to the

district in which the bankruptcy proceeding is pending.

### A. Transfer Analysis under 28 U.S.C. § 1412

A district court may transfer a case under § 1412 without considering the convenience of the parties. *See* 28 U.S.C. § 1412 (specifying "interests of justice" or "convenience of the parties"); *see also* Collier on Bankruptcy ¶ 4.04(4)(a) (explaining that a lesser standard is suggested in § 1412 than pursuant to § 1404(a) because of the disjunctive). In deciding whether transfer of a "related-to action" under § 1412 would be in the interests of justice, courts consider factors such as (1) the economical and efficient administration of the bankruptcy estate, (2) the presumption in favor of the forum where the bankruptcy case is pending, (3) judicial efficiency, (4) the ability to receive a fair trial, (5) the state's interest in having local controversies decided within its borders by those familiar with its laws, (6) the enforceability of any judgment rendered, and (7) the plaintiff's original choice of forum. *Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC*, 410 B.R. 623, 629 (D. Minn. 2009). In evaluating the interest of justice factors, several courts have found the most important factor is whether transfer would promote the economic and efficient administration of the bankruptcy estate. *In re Bruno's, Inc.,* 227 B.R. 311, 321–23 (Bankr. N.D. Ala. 1998) (citing cases).

Plaintiff was opposed to Defendants' Motion to Transfer Venue, claiming that a transfer would deprive Plaintiff of its choice of forum, cause inconvenience for parties and witnesses, and violate the forum selection clause in the agreements at issue. A transfer analysis under 28 U.S.C. § 1412, however, can be predicated on the interests of justice alone. The Court finds that Plaintiff's prior objections to transfer are not sufficient to overcome the paramount interest in the economical and efficient administration of FW Valencia's bankruptcy estate. Transfer of this case would promote the efficient resolution of the bankruptcy estate by consolidating the dispute

into one forum and eliminating the risk of conflicting rulings in this case and the adversary proceeding.[7]   This Court also recognizes the strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending.  *See Bayou Steel Corp.*, 2003 WL 21276338, at *1; *Rumore v. Wamstad,* No. Civ. A. 01-2997, 2001 WL 1426680, at *4 (E.D. La. Nov. 13, 2001) ("Presumptively, civil adversary proceedings should be venued with the underlying bankruptcy case."); *Commonwealth Oil Refining Co., Inc.*, 596 F.2d at 1247 ("[T]he most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate."). Additionally, the Bankruptcy Court is already quite familiar with many of the parties' allegations, as contained in the adversary proceeding and Plaintiff's proof of claim against FW Valencia's estate.  In light of the foregoing, the Court concludes that transfer under 28 U.S.C. § 1412 is appropriate.

### B.  Transfer Analysis under 28 U.S.C. § 1404(a)

Alternatively, even if a motion to transfer was considered under 28 U.S.C. § 1404(a), the Court finds that the case should be transferred to the Western District of Texas for potential referral to the Bankruptcy Court.  A district court may transfer an action to any other district where the plaintiff could have originally filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a).  The purpose of the § 1404(a) inquiry is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003) (Kaplan,

---

[7] Absent consent, the Bankruptcy Court's jurisdiction over non-core matters is limited.  Bankruptcy courts may issue proposed findings of fact and conclusions of law in those matters in which the bankruptcy court cannot issue final orders or judgments.  *Stern v. Marshall*, 131 S.Ct. 2594 (U.S. 2011).  The Bankruptcy Court's ability to issue findings and conclusions, as opposed to a final Order, to the district court will still promote efficiency.

Mag. J.).  The law in the Fifth Circuit requires that a district court consider a number of private and public interest factors when determining whether to grant a motion to transfer.  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* No. 4:09–CV–386–Y, 2009 WL 4884430, at *2 (N.D. Tex. Dec. 17, 2009) (noting that courts consider the same sort of factors under § 1412 and § 1404(a)).  A district court has "broad discretion in deciding whether to order a transfer."  *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (internal quotations omitted).

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.  *Id.*  The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems regarding conflict of laws or the application of foreign law.  *Id.*  These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight."  *Id.* (quotations and alterations omitted).

### a.   Plaintiff's Ability to Bring This Action in the Western District of Texas

As a preliminary matter, the Court must first determine whether Plaintiff could have originally brought this action in the United States District Court for the Western District of Texas.   In its Motion, Plaintiff argues that, based on the forum selection clause, venue is mandatory in the Northern District of Texas.   Pl.'s Resp. Mot. at 3.  According to Section 4.7 of the Note:

> "Borrower, for itself and its successors and assigns, hereby irrevocably…(ii) waives, to the fullest extent permitted by law, any

> objection that it may now or in the future have to the laying of
> venue of any litigation arising out of or in connection with this
> Note or any Loan Document brought in the District Court of Dallas
> County, Texas, or in the United States District Court for the
> District and Division thereof located in Dallas County, Texas; (iii)
> waives any objection that it may now or hereafter have as to the
> venue of any such action or proceeding brought in such court or
> that such court is an inconvenient forum; and (iv) agrees that any
> legal proceeding against any party to any of the Loan Documents
> arising out of or in connection with any of the Loan Documents
> may be brought in one of the foregoing courts.

Pl.'s Resp. Mot. at 3, Pl.'s Appendix at 13, Section 4.7.  Plaintiff notes that the Deed of Trust and Guaranty contain almost identical provisions.  *See* Pl.'s Appendix at 50, Section 11.10 and 74, Section 6.4.  This forum selection clause provides that a suit on the Note may be initiated in the Northern District of Texas, not that it must be initiated here.  There is nothing in these agreements that would preclude Plaintiff from filing a lawsuit against Defendants in the Western District of Texas.  *Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc.,* 659 F. Supp. 526, 532 (W.D. Mo. 1987) ("By a valid forum selection clause the parties have only waived any objection  . . . to the selected forum. [Their agreement] cannot foreclose consideration of other § 1404(a) factors which implicate public or third-party interests. Thus, the convenience of the witnesses and the interests of justice must still be considered.")

Section 1409(a) of Title 28 provides venue in the district court in which a proceeding arising under title 11 or arising in or related to a case under title 11 is pending.  Therefore, the Court concludes that the threshold step under § 1404(a), determining whether the Western District of Texas is a forum in which the action could have been commenced originally, has been satisfied.  *See Marquette Transp. Co.*, 2006 WL 2349461, at *4.

### b.  Application of the Private and Public Interest Factors

First, the Court considers the impact of the forum selection clauses in the agreements at

issue.  In *Stewart Org., Inc. v. Ricoh Corp.*, the Supreme Court rejected the theory that the existence of a forum selection clause governs the outcome of a motion to transfer under § 1404(a).  487 U.S. 22 (1988).  Instead, the Court held that a forum selection clause is a significant factor to consider in what must be a multi-factored, case-specific inquiry under § 1404(a).  *See id.; Borger Properties, Inc. v. Auer Corp.,* 2010 WL 3932393, *4 (Bankr. S.D. Tex. 2010) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 30 (1988) ("The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences.")).  *See also In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 740 (5th Cir. 2012).  Thus, the Court takes into account the forum selection clauses as a factor militating against a transfer, but still applies the remaining private and public interest factors to determine if a transfer is appropriate.

> i.  Private Interest Factor:  The Relative Ease of Access to Sources of Proof

The Court finds that this factor is neutral in light of advances in electronic storage and communications.  Any document necessary that may be needed for litigation proceedings may be easily transported to the Western District of Texas.

> ii.  Private Interest Factors:  The Availability of Compulsory Process to Secure the Attendance of Witnesses and the Cost of Attendance for Willing Witnesses

Defendants argued that a transfer would be more convenient for Defendants' material witnesses, namely, Defendant Aguilar and the manager of one of the limited partners of Defendant Valencia Palms, who both reside in El Paso, Texas.  Defs.' Mot. to Transfer at 3. Defendants contended that witnesses from Integrity Asset Management, the entity that managed and operated the property that secured the loan, who reside in El Paso, Texas, would also be called to testify.  Defs.' Resp. Mot. at 4.  Because all three witnesses reside more than 100 miles

from the Northern District of Texas, they would not be subject to compulsory process in this forum, and their travel to Dallas, Texas, even if they agreed voluntarily to do so, would be costly. Plaintiff argued that its anticipated witnesses are located in Dallas County, so a transfer would only shift the inconvenience of trial from one party to another.  Pl.'s Resp. Mot. at 6.

The "convenience of the venue for non-party witnesses . . . is one of the most important factors in transfer analysis.  *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008). Based on the parties' briefing, the Court finds that because the majority of Plaintiff's non-party witnesses are located in Dallas County and Defendants' non-party witnesses are located in El Paso, Texas, this factor is, at best, neutral.

      iii.  Private Interest Factor: All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive.

Neither side suggests they could not receive a fair trial in the Bankruptcy Court or that they would face difficulties in enforcing a judgment. The only factor that arguably weighs against transfer is the deference ordinarily owed to Plaintiff's choice of forum and the forum selection clauses.

      iv.  Public Interest Factor: Administrative Difficulties Flowing From Court Congestion

As to this factor, the parties do not claim that the extent of "court congestion" due to docket activity in the Western District differs from that in the Northern District. Thus, on this point, the first factor is neutral.  The Court does stress the administrative efficiency that is to be gained from resolving this adversary proceeding in the same tribunal as that which is handling FW Valencia's bankruptcy case.

      v.  Public Interest Factor: The Local Interest in Having Localized Interests Decided at Home

Because the property forming the basis of the parties' claims is located in the Northern

District of Texas, this factor weighs against a transfer.  Moreover, because the allegations in this proceeding arise primarily out of activities that transpired in Dallas County, this factor weighs against a transfer.

vi.   Public Interest Factor:  Familiarity of the Forum

As already discussed, this factor weighs in favor of a transfer, as the Bankruptcy Court is already familiar with Plaintiff's claim against Defendants and the nature of FW Valencia's counterclaims against Plaintiff.[8]  The Court finds that it would be more convenient for the parties to litigate this matter in the Bankruptcy Court, where FW Valencia has already initiated an adversary proceeding against Plaintiff.  The Bankruptcy Court is already familiar with the parties, as Plaintiff originally filed a proof of claim, which it later withdrew, in the Bankruptcy Case.  FW Valencia's adversary proceeding requires consideration of most of the facts forming the basis of FW Valencia's counterclaims in this lawsuit.  In this case, judicial economy will be achieved by having the entire controversy between the parties decided in one forum—the bankruptcy court which is already administering FW Valencia's bankruptcy.

vii.   Public Interest Factor: Avoidance of Unnecessary Conflict With Foreign Laws

Because Texas law governs this proceeding, the "avoidance of unnecessary conflict with foreign laws" factor is inapplicable and, therefore, neutral.

In sum, Court finds that a transfer under § 1404(a) is warranted in the interests of justice to achieve the most economic and efficient administration of all matters related to FW Valencia's bankruptcy.

---

[8] The parties agree that Plaintiff's claims against FW Valencia can be dismissed based on Plaintiff's withdrawal of its proof of claim against FW Valencia in the bankruptcy case.  The parties disagree as to whether Plaintiff's claims against FW Valencia should be dismissed with or without prejudice.  The Court finds that the Bankruptcy Court is best positioned to determine the impact of FW Valencia's Chapter 11 filing on Plaintiff's ability, in the future, to pursue its pre-petition claims against FW Valencia.

III.    CONCLUSION

The Court hereby **WITHDRAWS** its Order dated January 3, 2013 [Docket Entry #63], and **TRANSFERS** this case to the Western District of Texas, El Paso Division, for potential referral to the Bankruptcy Court administering FW Valencia's estate.

**SO ORDERED**.

Dated: January 18, 2013.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**